**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

**MARK W. DOBRONSKI**,

Plaintiff,

v.

**HFA HOLDINGS, LLC, ET AL.**,

Defendant.

Case No. 2:26-cv-12302-BRM-KGA
Hon. Brandy R. McMillion
Mag. Judge Kimberly G. Altman

---

JOSEPH P. BOWSER
Roth Jackson Gibbons Condlin, PLC
1519 Summit Avenue, Suite 102
Richmond, VA 23230
Ph: 804-441-8701
Email: jbowser@rothjackson.com

# TABLE OF CONTENTS

I. ARGUMENT .......... 1

A. Plaintiff's New Evidence Is Facially Irrelevant .......... 1

B. Plaintiff Makes No Prima Facie Rule 12(b)(2) Showing .......... 3

C. Plaintiff Has Not Plausibly Stated Any Cause of Action .......... 5

# TABLE OF AUTHORITIES

## Cases

*Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470 (6th Cir. 2020)..........................2

*Beehive Tel. Co. v. Sprint Communs. Co., Ltd. P'ship*, No. 2:08-CV-00380, 2009 U.S. Dist. LEXIS 95176 (D. Utah Oct. 13, 2009)..............................................3

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985)..........................................4

*Campos v. Premise Health*, No. 2:21-CV-12506-TGB-EAS, 2023 U.S. Dist. LEXIS 62426 (E.D. Mich. Apr. 10, 2023)......................................................4

*Chesbrough v. VPA. P.C.*, 655 F.3d 461 (6th Cir. 2011) .........................................6

*De la Cabada v. Ytel, Inc.*, No. 19-cv-07178-JSC, 2020 U.S. Dist. LEXIS 41439 (N.D. Cal. Mar. 10, 2020) ..................................................................7

*Digitel, Inc. v. MCI Worldcom, Inc.*, 239 F.3d 187 (2d Cir. 2001) ...........................3

*Dobronski v. Credit Swag Ventures, Inc.*, No. 25-11777, 2026 U.S. Dist. LEXIS 212834 (E.D. Mich. Sep. 18, 2026)....................................................6

*Dobronski v. Glob. Tel Link Corp.*, No. 25-1720, 2026 U.S. App. LEXIS 6097 (6th Cir. Mar. 2, 2026) ...........................................................................7

*Matthews v. Hussey*, No. 2:23-CV-11133-TGB-DRG, 2023 U.S. Dist. LEXIS 225799 (E.D. Mich. Dec. 19, 2023) ...............................................4, 12

*Mexiport, Inc. v. Frontier Communs. Servs.*, 253 F.3d 573 (11th Cir. 2001) ...........3

*New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046 (6th Cir. 2011)..............................................................................6

*Premier Automation Contactors, Inc. v. Pinney*, No. 19-13712, 2020 U.S. Dist. LEXIS 77827 (E.D. Mich. Apr. 30, 2020) ....................5

*Premiere Network Servs. v. SBC Communs., Inc.*, 440 F.3d 683 (5th Cir. 2006) ......3

*Rieger v. Howard*, No. 2:24-cv-12170, 2025 U.S. Dist. LEXIS 272127 (E.D. Mich. Dec. 22, 2025) ....................2

*Smith v. Regents of the Univ. of Mich.*, No. 25-cv-13980, 2026 U.S. Dist. LEXIS 82684 (E.D. Mich. Apr. 15, 2026)....................6

**Administrative Materials**

*In re Stealth Commc'ns Servs., LLC*, Notice of Apparent Liability for Forfeiture, DA 26-504 (May 21, 2026) ....................3

**<u>REPLY IN SUPPORT OF HFA DEFENDANTS' MOTION TO DISMISS</u>**

The HFA Defendants' motion showed that Plaintiff's Complaint must be dismissed for want of personal jurisdiction and failure to state any *plausible* claim against them. On personal jurisdiction, HFA Services' only connection here was to assign a block of toll-free numbers to a Texas-based carrier, but it neither carried the calls nor has any information about them. The other three HFA Defendants are only "guilty" of being affiliated to HFA Services. On Rule 12(b)(6), Plaintiff's Complaint lacks any well-pleaded factual allegations that any of the four HFA Defendants actually *made* or caused to be made any of the "financial relief" calls at issue here. Plaintiff's Opposition cures none of those problems. Worse, his Opposition rests entirely on emails *he sent the HFA Defendants* (and the FCC) about *irrelevant* calls that are presumably the object of one of his many other TCPA cases. The Court should trim his TCPA portfolio by dismissing this one.

## I. Argument

### A. Plaintiff's New Evidence Is Facially Irrelevant.

Plaintiff's Opposition conflates the Court's standards of review of the Rule 12(b)(2) and 12(b)(6) issues raised in the HFA Defendants' Motion. His rebuttal rests almost entirely on his Declaration and exhibits submitted with his Opposition. The calls at issue in this case are all from toll-free numbers, and occurred between May 13, 2026, and June 1, 2026. Compl. ¶ 88. But he seems to think it matters that

he emailed an HFA Defendant on May 18, 2026 to complain about unrelated calls, HFA Services replied to him on May 18 and 21, 2026, and yet several more calls at issue *in this case* occurred. *See, e.g.*, Opp'n. at 15 ("the represented mitigation did not stop the campaign"). These new factual allegations could only be germane to the Rule 12(b)(2) issue.[1] But they are not germane to *anything* here because they deal with *irrelevant* calls at issue in one of his many other TCPA cases.

Again, the calls at issue here are all from toll-free numbers, with caller name "TOLLFREE NUMBER," to four of his non-Michigan-area-code phone numbers. Compl. ¶¶ 87-88; Ex. A to HFA Defendants' Motion, Dkt. No. 11-2, Branson Decl. ¶ 14. But his exhibits show that he was complaining there about calls from 949-993-0653—not a "TOLLFREE" number—to his 734-641-2300 number (a Michigan area code). Dkt. No. 19, Ex. 2 at 2, 5; *id.* Ex. 3 at 2.

This proves three things. *First*, Plaintiff's exhibits are facially irrelevant: they do not pertain to *any* of the calls in this case. Plaintiff was fishing for information for one of his other TCPA cases. *Second*, it eviscerates Plaintiff's unfounded inference that the HFA Defendants must remain in this case because he complained

[1] *See Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 483-84 (6th Cir. 2020) ("it is black-letter law that, with a few irrelevant exceptions, a court evaluating a . . . motion to dismiss[] must focus only on the allegations in the pleadings. . . . Plaintiffs cannot [] amend their complaint in an opposition brief or ask the court to consider new allegations (or evidence) not contained in the complaint." (citations omitted)); *see also Rieger v. Howard*, No. 2:24-cv-12170, 2025 U.S. Dist. LEXIS 272127, at *6-7 (E.D. Mich. Dec. 22, 2025) (same).

to them about irrelevant calls, and yet they continued.[2] *Finally*, *even if* his new evidence is somehow relevant, it divests *all* federal courts of subject-matter jurisdiction over his claim. Exhibit 2 reveals that he *already asserted* the complaint raised in that email to the then-Chief of the FCC's Enforcement Bureau. Ex. 2 at 1 (bcc to patrick.webre@fcc.gov).[3] Plaintiff thereby divested this Court (and all federal courts) of subject-matter jurisdiction over any claims relating to that subject under the election-of-forum clause in 47 U.S.C. § 207.[4]

### B. Plaintiff Makes No Prima Facie Rule 12(b)(2) Showing

---

[2] He also misreads the irrelevant emails; *Plaintiff's* 734-641-2300 number had been on the carrier Defendants' network-wide do-not call list since September 2025, such that they had not carried *any* calls *to that number* since then. Opp'n. Ex. 3. And as of May 21, 2026, HFA Services' carrier customer reported it had blocked further calls *from* 949-993-0653. Opp'n. Ex. 4. But those *from* and *to* numbers have nothing to do with the toll-free calls in this case to his four non-Michigan numbers (which, again, none of the HFA carrier Defendants carried either, making it absurd to suggest that Plaintiff's emails to them would stop something that never happened on their network in the first place).

[3] Mr. Webre was the FCC's Enforcement Bureau Chief from January 2025 until August 2026. *See In re Stealth Commc'ns Servs., LLC*, Notice of Apparent Liability for Forfeiture, DA 26-504 (May 21, 2026), https://docs.fcc.gov/public/attachments/DA-26-504A1.pdf (Order by Chief Webre).

[4] *See Digitel, Inc. v. MCI Worldcom, Inc.*, 239 F.3d 187, 190 (2d Cir. 2001) ("the filing of an 'informal complaint' constitutes a 'complaint to the [FCC]' for § 207 purposes, and [], therefore, a party that has filed an informal complaint [with the FCC] may not also sue in district court."); *Mexiport, Inc. v. Frontier Commc'ns Servs.*, 253 F.3d 573, 574 (11th Cir. 2001) (Plaintiff's filing of FCC informal complaint over similar subject matter barred federal suit); *Premiere Network Servs. v. SBC Commc'ns, Inc.*, 440 F.3d 683, 688 (5th Cir. 2006) ("once an election is made by either filing a complaint with the FCC or filing a complaint in federal court, a party may not thereafter file a complaint on the same issues in the alternative forum." (citation omitted)); *Beehive Tel. Co. v. Sprint Commc'ns Co., Ltd. P'ship*, No. 2:08-CV-00380, 2009 U.S. Dist. LEXIS 95176, at *8 (D. Utah Oct. 13, 2009) (same).

With only his irrelevant (or jurisdiction-divesting) "evidence," Plaintiff necessarily fails to rebut the HFA Defendants' sworn declaration showing that the Court lacks personal jurisdiction over each of them here. Again, the *only* HFA Defendant with any factual nexus to this case is HFA Services, which assigned the toll-free numbers to Texas-based Whisl. That cannot ground personal jurisdiction over HFA Services, and Plaintiff proffers *no* facts about the other HFA Defendants.[5] Thus, Plaintiff's reference to *Theunissen*, Opp'n. at 11, is irrelevant because he has not made a *prima facie* case for personal jurisdiction in the first place.[6]

But *even if* his exhibits related to the calls at issue (and 47 U.S.C. § 207 did not exist), his emails to HFA Services cannot ground jurisdiction. "The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) (citation omitted). Far more involved contacts with Michigan plaintiffs—including negotiating and entering a contract with a Michigan plaintiff—fall short of satisfying the purposeful-availment test.[7]

---

[5] *See Campos v. Premise Health*, No. 2:21-CV-12506-TGB-EAS, 2023 U.S. Dist. LEXIS 62426, at *9 (E.D. Mich. Apr. 10, 2023) ("the problem with [plaintiff's] position is caselaw holding that 'unless the plaintiff clearly shows otherwise, the Court will presume that companies holding themselves out as parent and subsidiary are in fact separate entities.'" (citation omitted)).

[6] Plaintiff concedes he does not allege general jurisdiction. Opp'n. at 18.

[7] *See, e.g.*, *Matthews v. Hussey*, No. 2:23-CV-11133-TGB-DRG, 2023 U.S. Dist. LEXIS 225799, at *11-14 (E.D. Mich. Dec. 19, 2023) (denying jurisdiction over

Plaintiff never explains what any HFA Defendant did to purposefully avail themselves of Michigan regarding any case-related conduct. Opp'n. at 11-12. Plaintiff only points to *his own* physical presence here. *Id.* at 12, 18. But Plaintiff cites no case holding that mere physical presence here establishes personal jurisdiction—the Constitution requires "far more." *Premier Automation Contactors, Inc. v. Pinney*, No. 19-13712, 2020 U.S. Dist. LEXIS 77827, at *15 (E.D. Mich. Apr. 30, 2020) ("[F]ar more than cross-border negotiations are required to establish personal jurisdiction."); *Matthews*, 2023 U.S. Dist. LEXIS 225799, at *12 ("Injury to a forum resident is also not independently sufficient." (citation omitted)). Plaintiff has failed to present even a *prima facie* case for this Court's personal jurisdiction.

**C. Plaintiff Has Not Plausibly Stated Any Cause of Action.**

Plaintiff's Opposition proves that he's only here for discovery.[8] But courts have repudiated the idea that claims "should survive a motion to dismiss on the basis

---

California clients who knowingly hired Michigan lawyer to perform services from Michigan; "it does not appear that [defendants] 'reached' into Michigan. Quite the opposite." Defendants' "contacts with Michigan occurred simply because [plaintiff's] office happens to be located in Michigan, *not* because they sought to invoke the protections of Michigan law.").

[8] *See, e.g.*, Opp'n. at 10 ("Plaintiff therefore seeks focused discovery concerning an admitted HFA customer relationship" with Whisl); *id*. at 15 (his confusion about his own exhibits "creates concrete discovery questions" about HFA's interactions with Whisl); *id*. at 16 ("questions concerning HFA's intent, knowledge, control, and any facilitation are properly resolved on a developed record"); *id*. at 19 ("Discovery *may show* what services HFA continued providing to Whisl or the subject numbers" (emphasis added) (conflating the issues in his exhibits with Whisl in this case)).

that necessary information is exclusively within the defendant's control." *Chesbrough v. VPA. P.C.*, 655 F.3d 461, 472 (6th Cir. 2011) (citing *New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1051 (6th Cir. 2011)). Plaintiff "is not entitled to discovery, cabined or otherwise," if the Complaint is deficient. *New Albany Tractor*, 650 F.3d at 1051. Plaintiff's plea for discovery is an admission he cannot state a *plausible* claim. *See* Opp'n. at 26 (admitting, in a section heading, "direct liability requires factual development").

Plaintiff's verb-salad theory of carrier liability, Opp'n. at 26,[9] violates *Iqbal*'s pleading requirements. *See Smith v. Regents of the Univ. of Mich.*, No. 25-cv-13980, 2026 U.S. Dist. LEXIS 82684, at *10 (E.D. Mich. Apr. 15, 2026) (dismissing complaint with "general assertions of legal conclusions or 'unadorned, the-defendant-unlawfully-harmed-me accusations'" (citation modified)).

Plaintiff could not establish a direct-liability claim against the first human he spoke to in a call that began with a prerecorded voice. *See Dobronski v. Credit Swag Ventures, Inc.*, No. 25-11777, 2026 U.S. Dist. LEXIS 212834, at *27-28 (E.D. Mich. Sep. 18, 2026). *Ipso facto* he cannot plead a claim against HFA Defendants here.

---

[9] Opp'n. at 26 ("HFA provided, controlled, assigned, made available, supported, routed, transmitted, platformed, serviced, administered, *or otherwise enabled* the toll-free numbers . . . routing services . . . and other telecommunications services used *in connection with* the calls[; and] initiated, caused, allowed, facilitated, authorized, ratified, or participated in the calls *directly or through customers, resellers . . . downstream users, or persons acting in concert with them*." (emphasis added)) There is *no* American phone company that allegation would *not* capture.

And he points to no well-pleaded factual allegations that HFA Defendants even *know*, much less control, any putative agent-caller, for a vicarious liability claim.

It is also barred by *Dobronski v. Glob. Tel Link Corp.*, No. 25-1720, 2026 U.S. App. LEXIS 6097, at *4 (6th Cir. Mar. 2, 2026). Plaintiff claims "the Sixth Circuit did not create categorical carrier immunity." Opp'n. at 23. HFA Defendants never claim it did; like any other TCPA defendant, carriers can be liable for calls *they make* or cause a third-party to make under federal agency law.[10] Plaintiff's Complaint must be dismissed, without leave to amend, which would clearly be futile.

Dated: September 25, 2026

Respectfully submitted,

/s/ *Joseph P. Bowser*
Joseph P. Bowser
ROTH JACKSON
1519 Summit Ave., Suite 102
Richmond, VA 23230
Tel: 804-441-8701
Fax: 804-441-8438
jbowser@rothjackson.com
*Counsel for HFA Defendants*

[10] Plaintiff cites *De la Cabada v. Ytel, Inc.*, No. 19-cv-07178-JSC, 2020 U.S. Dist. LEXIS 41439, at *3–5 (N.D. Cal. Mar. 10, 2020), Opp'n. at 24, which is inapposite because the plaintiff there alleged facts that Ytel was so involved in the orchestration of the calling campaign that they "plausibly allege that Ytel was so involved with the communications as to be deemed to have made them." *De la Cabada*, 2020 U.S. Dist. LEXIS 41439, at *12. Here, Plaintiff only plausibly alleges that HFA Services assigned phone numbers to another FCC-registered carrier.

## CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2026, I electronically filed the Reply in Support of HFA Defendants' Motion to Dismiss with the Clerk of Court using its CM/ECF system, and sent a copy via U.S. Mail to Plaintiff.

Mark W. Dobronski
PO Box 99
Dexter, MI 48130

By: /s/ *Joseph P. Bowser*